UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Clyde Preston Chappell, III, | ) | C/A No. 2:12-303-MBS-BHH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| Lucas Miles, | ) | |
| Defendant. | ) | |

Clyde Preston Chappell, III ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of

2

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that on October 28, 2011, around 5:00 p.m., he was escorted by Defendant Miles and Sgt. Ian Rivers from the operations building to the "lockup unit." Compl. 3. He alleges that upon exiting the building Miles "placed his spray about one inch from my face" and said, "say one mutha f*** word so I can light your ass up." *Id.* Plaintiff alleges that he complied with the order to be silent and he used his hands to indicate that he would write up Miles. Allegedly, Miles repeated the statement over and over, and through his teeth. *Id.* Plaintiff alleges that Miles used additional profanity (e.g., f*** faggot with your soft ass) while threatening to spray him if he said a word. *Id.* He alleges that as they approached the control room where "Sgt. Clark was looking up what assign room, as I look to the left Lt. Miles comes up on my right and push's (sic) his body into me knocking me off balance." *Id.* Plaintiff alleges that he then looked at Miles, and Miles said the profane statement again "thru his teeth." *Id.* Allegedly, as they walked into B-wing, Miles still had the gas out and was saying the profane statement. *Id.*

Plaintiff alleges that he was locked into room 224. *Id.* He alleges that he asked for the captain to begin informal resolution to Sgt. Clark, but no person arrived. *Id.* He alleges that he asked for "medical and no one ever came." *Id.* Plaintiff further alleges that he sent two requests to the Warden of Evans and did not receive a response; filed grievances on November 13, 2001, which were returned due to "not enough evidence;" and, spoke with Investigator Stuckey who said to file a grievance. *Id.*

Plaintiff requests damages, and he asks that Miles to be charged with simple assault and discrimination. *Id.* at 4. He further requests that Miles' employment with SCDC be terminated. *Id.* Also, Plaintiff requests to be transferred to another institution. *Id.*

Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A prisoner may state a claim for violation of the Eighth Amendment if a prison official uses force against him maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, 130 S.Ct. 1175, 1179 (2010). Part of the judicial inquiry is whether the force applied was nontrivial. *Id.* "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* at 1178.

Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v.*

*Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Here, Plaintiff alleges that Miles pushed his body into Plaintiff causing him to lose his balance. Plaintiff, at most, alleges a malevolent push or shove, and he does not allege any injury. *See Wilkins*, 130 S. Ct. at 1178-79 (explaining that the extent of injury may provide some indication of the amount of force applied). Even liberally construing the facts in Plaintiff's favor, the alleged force applied falls within the trivial category, and, thus, Plaintiff cannot satisfy the factual prong related to nontrivial force. *See Id.* ("not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'"). *See also Sun v. Dickson*, C/A No. 9:09-2050-RMG-BM, 2011 WL 766930 (D.S.C. Feb. 25, 2011) (where a police officer allegedly pushed a plaintiff against a wall and secured plaintiff's arms behind his back and no injuries were suffered, the court found there was no evidence that any excessive amount of force was used). Therefore, Plaintiff's attempt to allege an excessive force claim fails to state a claim on which relief may be granted.

As to Plaintiff's allegations related to Miles' profane statements, he does not allege a constitutional claim because verbal harassment does not violate the Constitution or federal law. *See Henslee v. Lewis*, 153 F. App'x 178 (4th Cir. 2005) (affirming the summary dismissal of a portion of a prisoner's § 1983 complaint which alleged a jail employee incited other inmates to attack him, but no actual attack was alleged, on the ground that no cognizable claim was stated for threats or verbal abuse). Plaintiff's allegations taken as true show that Miles acted inappropriately and unprofessionally, but such allegations fail to state a cognizable § 1983 claim. *See Moore v. Drew*, C/A No. 4:09-

5

2046-RMG-TER, 2011 WL 587092, at *2 (D.S.C. Feb. 9, 2011) (explaining that verbal abuse and profanity by prison officials does not rise to the level of a constitutional violation); *Gause v. Thompson*, C/A No. 0:10-2066-CMC-PJG, 2011 WL 3489805, at *2 (D.S.C. July 19, 2011) (abusive language and verbal threats do not state a constitutional claim), *adopted by*, 2001 WL 3489825 (D.S.C. Aug. 9, 2011).

If Plaintiff is attempting to state a claim based on his unheeded call for medical to come see him in the lockup unit, he failed to state a cognizable claim. A prisoner may state a constitutional claim when his medical care was so deficient as to constitute deliberate indifference to objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, Plaintiff failed to allege any serious medical need, so he cannot state a claim for deliberate indifference to it.

Lastly, much of Plaintiff's requested relief fails to state a claim on which relief may be granted because it is not available through this lawsuit. Plaintiff cannot have this Court charge Miles for simple assault because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Also, this Court cannot terminate the defendant from his employment. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to remove or reassign state employees). Additionally, this Court will not interfere with the

prison administration's decision about which institution Plaintiff should be incarcerated within. Since it appears that Plaintiff was committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                                     s/Bruce Howe Hendricks
                                                                     United States Magistrate Judge

February 17, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).