IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clyde Preston Chappell, III, | ) | C.A. No. 2:12-303-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Lucas Miles, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Clyde Preston Chappell, III ("Plaintiff") is a prisoner in custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed a pro se action under 42 U.S.C. § 1983, alleging that Defendant Miles ("Defendant") violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Bruce Howe Hendricks for review.

## Background

Plaintiff alleges that on October 28, 2011, around 5:00 p.m., he was escorted by Defendant and Sgt. Ian Rivers from the operations building to the "lockup unit." Compl. 3. He alleges that upon exiting the building Defendant "placed his [chemical] spray about one inch from my face" and said, "say one mutha f****** word so I can light your ass up." Id. Plaintiff alleges that he complied with the order to be silent. Defendant allegedly repeated the statement over and over again. Id. Plaintiff alleges that Defendant used additional profanity calling Plaintiff a "f****** faggot with your soft ass," while threatening to spray him if he said a word. Id. Plaintiff alleges that as they approached the control room, Defendant came up on his right side and pushed his body into Plaintiff, knocking him off balance. Plaintiff appears to allege that

he stumbled.  Plaintiff alleges that Defendant repeated the threat to spray him and called him a ""f******* faggot."  Id.  Plaintiff alleges that he asked Sgt. Clark for medical care and that Sgt. Clark indicated that he would see if the medical staff had time to see Plaintiff.  Plaintiff alleges that no one ever came.  Plaintiff further alleges that he sent two requests to the Warden of Evans Correctional Institution, where he is housed, complaining about Defendant and did not receive a response.  Plaintiff also spoke with a prison official, Investigator Stuckey, who instructed him to file a grievance.  Plaintiff filed a grievance on November 13, 2011, which was returned to him due to lack of evidence.  Plaintiff alleges that he ultimately received medical care for continuous back pain he has suffered from since the incident.

On February 1, 2012, Plaintiff filed the instant complaint alleging constitutional violations, including verbal abuse, excessive force, deliberate indifference to a serious medical need, and a violation of the equal protection clause.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  The Magistrate Judge granted Plaintiff's motion in an order dated February 17, 2012.  On February 17, 2012, the Magistrate Judge also filed a Report and Recommendation in which she recommended that that the case be summarily dismissed pursuant to 28 U.S.C. § 1915 and that the Clerk of Court not issue a summons to Defendant.  On February 28, 2012, Plaintiff filed Objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  The court may

also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## Discussion

### *Standard of Review*

The standard for reviewing a dismissal pursuant to 28 U.S.C. § 1915 are the same as those for reviewing a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in Plaintiff's favor, it appears certain that Plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Id. Additionally, the allegations in pro se complaints should be liberally construed. See Hughes v. Rowe, 449 U.S. 5, 9-19 (1980).

### *Eighth Amendment Claims*

A. *Verbal Threats*

The Magistrate Judge found no merit in Plaintiff's allegation that Defendant violated the Eighth Amendment by allegedly verbally threatening and harassing Plaintiff. The Magistrate Judge noted that verbal harassment and verbal threats are not cognizable as constitutional violations. In his objections, Plaintiff argues that the verbal abuse constituted unlawful behavior and discrimination.

Allegations of verbal abuse of inmates by guards without more, fail to state a claim under § 1983. Mere threatening language and gestures of a custodial officer do not amount to constitutional violations. See Robertson v. Plano City, 70 F.3d 21, 24 (5th Cir. 1995). Verbal abuse, although unprofessional and reprehensible, is insufficient to establish a constitutional

deprivation. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004); De'Lonta v. Fulmore, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010). Courts have, however, recognized an exception to the general rule where a prisoner is threatened with death accompanied by the present ability to effectuate the threat. See Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986). In Burton, a guard pointed a pistol at a prisoner, cocked the trigger and made racial slurs while threatening to shoot the prisoner. Although no measurable physical injury resulted, the Eighth Circuit concluded that the prisoner stated a valid Eighth Amendment claim, because the guard committed a wanton act of cruelty. The Eighth Circuit noted that a prisoner retains the right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodian. Id. at 1378.

The court agrees with the Magistrate Judge's finding insofar as the Magistrate Judge noted that Defendant's verbal threats and harassment alone do not state a valid § 1983 claim. Further, Defendant's verbal abuse did not involve any threats of death; therefore, the exception to the general rule is not applicable here. To the extent that Plaintiff alleges that verbal threats alone state a claim under § 1983, his claim fails and is summarily dismissed.

B. *Excessive Force*

Plaintiff further alleges that Defendant shoved him, causing Plaintiff to lose balance. The Magistrate Judge found that Plaintiff's excessive force claim was subject to summary dismissal based on the fact that the amount of force used by Defendant in shoving Plaintiff was trivial. The Magistrate Judge noted that an inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim. In his objections, Plaintiff noted that he suffered from continuous back pain since the incident for which he has been receiving medical care.

4

When an inmate claims that prison officials used excessive force against his person in violation of the Eighth Amendment, he must prove an objective and subjective component with regard to his claim. See Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008). With respect to the objective component, the inmate must demonstrate that the nature or amount of force employed was nontrivial. See Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (abrogating Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994)). The use of excessive physical force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer serious injury. See Hudson v. McMilliam, 503 U.S. 1, 4 (1992).

The Supreme Court in Wilkins noted, "This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry." See id. at 1178. The extent of injury may provide some indication of the amount of force applied. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. The Eighth Amendment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. For example, an inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id.

With respect to the subjective component, the inmate must demonstrate that the prison official acted with a sufficiently culpable state of mind, i.e., wantonness in the infliction of pain. See Iko, 535 F.3d at 238. The core judicial inquiry when a prisoner alleges that prison official used excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Wilkins, 130 S. Ct. at 1179.

Here, although Plaintiff only complains of a shove, the shove does not fall in the category of a "push or shove that causes no discernible injury," because Plaintiff alleges that he suffers from continuous back pain since the incident. Therefore, as to the objective prong of the excessive force claim, the court cannot say at this stage that the amount of force applied was nontrivial. As to the subjective prong of "wantonness," or maliciousness, Plaintiff alleges that there was no disciplinary problem at issue during the incident and that he was following Defendant's instructions. Further, Plaintiff alleges that Defendant made profane and homophobic remarks directed towards him during the incident. Thus, Plaintiff alleges, Defendant was not acting to "maintain and restore discipline" but acting simply to harm Plaintiff. Accordingly, Plaintiff states sufficient facts from which the court can infer that Defendant used excessive force in violation of the Eighth Amendment. Plaintiff's excessive force claim is therefore not subject to summary dismissal.

C. *Deliberate Indifference*

The Magistrate Judge found that Plaintiff failed to allege any serious medical need and therefore failed to state a claim for deliberate indifference. Plaintiff first alleged that he requested medical assistance and that a prison official indicated that "they will see if they got time" but that no one ever came. In his objections, Plaintiff appears to state that he injured his back due to the incident and that was his basis for seeking medical assistance. Further, Plaintiff stated that prison officials actually denied his request for medical assistance at the time of the incident but that as of the filing of the objections, he was receiving medical care for back pain sustained from the incident.

In order to establish an Eighth Amendment claim for denial of medical care, a prisoner must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation omitted). "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).

First, the court notes that Plaintiff has only brought this suit against Defendant Miles, not against Sgt. Clark, or any other prison official. Plaintiff's complaint fails to allege that he requested medical attention from Defendant Miles specifically or that Defendant Miles was the individual who allegedly was deliberately indifferent to Plaintiff's serious medical need. Further, Plaintiff fails to allege sufficient facts from which the court can infer that he suffered an apparent and serious medical condition immediately after the shove. Although Plaintiff states in his objections that he is currently receiving medical care for continuous back pain, Plaintiff fails to allege what he communicated to prison officials about his condition at the time of the incident and the specific reason he needed medical care at that time. Further, Plaintiff states in his objections that he is in fact currently receiving medical care for the back pain that resulted from the incident. Plaintiff does not allege what period of time had lapsed before he received medical care. Based on the lack of facts alleged by Plaintiff, the court is unable to draw an inference that Defendant or anyone else deliberately failed to provide Plaintiff with medical care to address a serious medical condition. Accordingly, Plaintiff's deliberate indifference claim is dismissed without prejudice.

***Fourteenth Amendment Claim***

A. *Equal Protection*

The Magistrate Judge did not explicitly mention Plaintiff's equal protection claim in her Report and Recommendation. However, the Magistrate Judge appears to have considered the claim in her analysis of verbal abuse, noting that Plaintiff's allegation of profane statements does not constitute a cognizable constitutional violation. Plaintiff objects to the Magistrate Judge's Report and Recommendation, alleging that Defendant treated Plaintiff differently from heterosexual inmates because he is homosexual. Plaintiff alleges that this disparate treatment included the verbal abuse and shove that occurred during the incident at issue. Further, Plaintiff alleges that Defendant has a history of complaints from other homosexual inmates regarding disparate treatment as well.

Outside of the prison context, an equal protection claim based on sexual orientation is subject to rational basis review. See Veney v. Wyche, 293 F.3d 726, 732 (4th Cir. 2002) (citing Romer v. Evans, 517 U.S. 620 (1996)). When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. In such instances, the court must determine whether the disparate treatment is "reasonably related to any legitimate penological interest." Veney, 293 F.3d at 732 (finding that there were legitimate interests including safety concerns justifying the segregation of homosexual male inmates into single-occupancy cells where heterosexual males and all female inmates were not subject to this requirement). In Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004), a homosexual former prisoner brought a § 1983 action against prison officials, alleging that their failure to protect him based on his sexuality from repeated sexual assault over an 18-month period violated his rights under the equal protection clause and the Eighth Amendment. As to the equal protection claim,

the Fifth Circuit held that while neither the Supreme Court nor the Fifth Circuit has recognized sexual orientation as a suspect classification, a state violates the equal protection clause if it disadvantages homosexuals for reasons lacking any rational relationship to legitimate governmental aims. See id. at 532. Accordingly, the Fifth Circuit permitted the prisoner to proceed in litigating his equal protection claim for disparate treatment.

As the Magistrate Judge noted, verbal harassment of an inmate by a prison guard is not typically cognizable as any kind of constitutional violation, including an equal protection violation. However, in addition to the homophobic remarks Defendant allegedly directed at Plaintiff, Plaintiff alleges that Defendant shoved him because of his sexual orientation and that other homosexual inmates have received similar treatment. While the comments themselves do not violate the equal protection clause, the comments are relevant because they tend to reveal Defendant's reason for shoving Plaintiff. See Johnson, 358 F.3d at 530. There is no legitimate penological interest in Defendant's alleged use of more force against homosexual inmates than against heterosexual inmates. Accordingly, Plaintiff alleges sufficient facts to state an equal protection claim.

## Conclusion

After a thorough review of the Report and Recommendation, the Plaintiff's Objections, and the applicable law, the court declines to adopt the Magistrate Judge's recommendation. The Clerk of Court is hereby ordered to issue a summons and service of process on Defendant. Defendant is ordered to respond to Plaintiff's excessive force and equal protection claims. Plaintiff's remaining claims are summarily dismissed without prejudice.

**IT IS SO ORDERED.**

                                                                    **s/ Margaret B. Seymour**
                                                                    Margaret B. Seymour
                                                                    Chief United States District Judge

May 2, 2012
Columbia, South Carolina