IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clyde Preston Chappell, III, | ) Civil Action No.: 2:12-303-MGL |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| Lucius Miles, | ) |
| Defendants. | ) |

Plaintiff Clyde Preston Chappell, III ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 1, 2012 against Defendants alleging violations of his constitutional rights. (ECF No. 1.) At the time of the underlying events, Plaintiff was incarcerated at Evans Correctional Institution in Harlboro County, South Carolina.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On November 29, 2012, Magistrate Judge Hendricks entered a Report and Recommendation ("Report") recommending that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders. The Report of Magistrate Judge Hendricks was mailed to Plaintiff advising him of his right to file objections to the Report and the time frame in which he must do so. (ECF No. 52.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*

*v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On November 29, 2012, Plaintiff's copy of the Report of Magistrate Judge Hendricks was mailed to his last known address.  On December 18, 2012, the envelope containing Plaintiff's copy of the November 29, 2012, report was returned to the Clerk of Court, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  (ECF No. 55.)  Plaintiff was advised by order filed February 17, 2012 (ECF No. 7), of his responsibility to notify the Court in writing if his address changed.  Plaintiff was also informed that his case could be dismissed for failing to comply with the Court's order.  (ECF No. 7 at 2.)

Plaintiff failed to file objections and has also failed to comply with this Court's Order of February 17, 2012, by not keeping the Clerk advised of his current address.  It appears that Plaintiff no longer wishes to pursue this action. Accordingly, the Court accepts the Report and Recommendation of Magistrate Judge Hendricks.

After careful review of the record, the applicable law, and the Report and Recommendation, the within action is hereby DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 18, 2013